UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| YOUSIF H. HALLOUM and IMAN Y. HALLOUM,<br><br>    Plaintiffs,<br><br>v.<br><br>CALIBER HOME LOANS; FAY SERVICING; RED ROCK FINANCIAL; ASSESSMENT MANAGEMENT SERVICES; CAMCO HOMEOWNERS ASSOCIATION MANAGEMENT; LEVEL COMMUNITY MANAGEMENT; AMERICAN RECOVERY SERVICES; and TERRAWEST MANAGEMENT SERVICERS.<br><br>    Defendants. | Case No. 2:22-cv-01787-JAD-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion for Time Extension Pursuant to Circuit Rule 31-22 to File Reply to Defendants Dockets 70, 71, 72, 73, 74. (ECF No. 75). Also pending is Plaintiff's Ex-Parte Emergency Motion [for the] Clerk to Sign the Summons[es] Filed with Final Amended Complaint. ECF No. 77.

I.   <u>Plaintiffs' Motion for Time Extension Pursuant to Circuit Rule 31-22 to File Reply to Defendants Dockets 70, 71, 72, 73, 74 is granted.</u>[1]

Ninth Circuit Rule 31-2.2 governs extensions of time to file appellate briefs before the Ninth Circuit. This rule has no application to the timing for filing motions, oppositions or replies in District Court. The applicable U.S. District Court Rule for the District of Nevada is LR 7-2(b). This Rule states that "[t]he deadline to file and serve any reply in support of [a] … motion [for summary judgment] is 14 days after service of the response." The replies to ECF Nos. 70, 71, and 72 are due March 14, 2023. The replies to ECF Nos. 73 and 74 are due on March 15, 2023.

---

[1] The Court recognizes that Defendants have not filed an opposition to the Motion for Extension at the time of this Order. However, the Court enter this Order to prevent further briefing on this simple issue, which likely would have been resolved had Plaintiffs reached out to Defendants before filing their Motion. Plaintiffs are advised that, going forward, they **must** contact counsel for Defendants when seeking short extensions of time **before** filing a motion seeking the same. If agreement is reached, a stipulation may be filed, which saves resources for all parties.

1

In addition to citing Circuit Rule 31-2.2, Plaintiffs cite to ECF Nos. 65 and 69 in support of their request to extend time to file replies. Docket entry ECF No. 65 is the Clerk's notice of an intent to dismiss Assessment Management Services, a named but unserved defendant. Assessment Management Services has not responded to Plaintiffs' Motions for Summary Judgment. In fact this unserved defendant has not participated in this case in any way. *See* Docket generally. The Order at ECF No. 69 denied Plaintiffs' motion for an extension of time to add Wells Fargo as a defendant. Plaintiffs fail to establish how their request to extend time to add Wells Fargo (denied on February 24, 2023) has anything to do with filing replies in support of their pending motion for summary judgment.

Despite the above, the Court recognizes that "[g]ood cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Requests for extensions of time made before the applicable deadline has passed are "normally ... granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* (citing 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)). Here, Plaintiffs' request for an extension of time was timely and they seek a brief extension. No prejudice to Defendants will arise if the extension is granted because no further briefing on Plaintiffs' Motion for Summary is allowed after the reply. That is, extending a due date for a reply brief by two weeks does not delay Defendants as there is nothing that runs from the date of such filing and the amount of time will not delay the Court's consideration of the pending Motion. Finally, by granting the Motion for Extension of Time the Court saves the parties the investment of resources that would otherwise be made if an opposition and reply are filed. For these reasons, the extension request is granted.

II.     <u>Plaintiffs' Ex Parte Emergency Motion Is Denied</u>.

Plaintiffs' Ex Parte Emergency Motion is denied because (1) this motion should not have been filed ex parte, (2) there is no emergency, and (3) the Final Amended Complaint was filed in violation of Local Rule 15-1(a) and Fed. R. Civ. P. 15(a)(2). Thus, this version of Plaintiff's Complaint is not properly before the Court. Summonses are not issued at this time.

An ex parte motion should be filed only in limited and extraordinary circumstances. LR IA 7-2(b), a local rule issued by the United States District Court for the District of Nevada, states: "An

ex parte motion or application must articulate the rule that permits ex parte filing and explain why it is filed on an ex parte basis." Plaintiffs cite no rule that permits an ex parte filing when seeking summonses. The Court also found none. Further, the Court finds there is no true emergency applicable to Plaintiffs' request. Plaintiffs are advised that "filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Cardoza v. Bloomin' Brands, Inc.*, 1141 F.Supp.3d 1137, 1140 (D. Nev. 2015) (internal citations omitted).

In addition, Plaintiffs violated Fed. R. Civ. P. 15(b)(2) and Local Rule 15-1(a) when they filed the Final Amended Complaint. These rules requires leave of court or agreement of the opposing parties when filing an amended complaint as a matter of right is no longer an option under Fed. R. Civ. P. 15(a)(1). Local Rule 15-1(a) also requires the moving party to "attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading." Plaintiff did not file a motion seeking leave to amend their Complaint attaching the proposed Final Amended Complaint. Plaintiff did not file the Final Amended Complaint noting consent of Defendants to do so. Thus, the Final Amended Complaint is not properly before the Court.[2] Until the Final Amended Complaint is filed pursuant to an order granting permission to do so or agreement of the parties allowing Plaintiffs to do so, the Court finds it improper to issue the summonses Plaintiffs seek. Instead, the Clerk of Court will issue summonses, if any, after an order regarding the Final Amended Complaint is issued.

III.  Order

IT IS HEREBY ORDERED that Plaintiffs' Motion for Time Extension Pursuant to Circuit Rule 31-22 to File Reply to Defendants Dockets 70, 71, 72, 73, 74.  (ECF No. 75) is GRANTED.

---

[2] The Court also notes Plaintiffs' 530 page Final Amended Complaint (the page count without an additional 144 pages of exhibits they attach to the filing) also violates Fed. R. Civ. P. 8. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (amended complaints may be denied as futile when a proposed complaint violates Rule 8 of the Federal Rules of Civil Procedure). Rule 8 requires pleadings to "contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "While the proper length and level of clarity for a pleading cannot be defined with any great precision, Rule 8(a) has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.'" *Cafasso*, 637 F.3d at 1059 (internal citations and quote marks omitted) *see also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) ("district court did not abuse its discretion in concluding that appellants' complaints, which, including attachments, exceeded 70 pages in length, were confusing and conclusory and not in compliance with Rule 8.").

IT IS FURTHER ORDERED that Plaintiffs' Reply brief to Defendants' Oppositions to Plaintiffs' Motion for Summary Judgment (ECF Nos. 70 through 74) is due **no later than March 31, 2023**.

IT IS FURTHER ORDERED that Plaintiffs' Ex-Parte Emergency Motion [for the] Clerk to Sign the Summons Filed with Final Amended Complaint (ECF No. 77) is DENIED without prejudice.

Dated this 13th day of March, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE