UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| YOUSIF H. HALLOUM, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> CALIBER HOME LOANS, *et al.*, <br><br> Defendants. | Case No. 2:22-cv-01787-MMD-EJY <br><br> ORDER |

*Pro se* Plaintiffs Yousif H. Halloum and Iman Y. Halloum assert nine state law claims that appear to be based on two transactions involving real property located in Clark County—a loan modification and payments or overpayments of homeowners' association fees. (ECF No. 11.) Plaintiffs identified numerous Defendants.[1] Pending before the Court are two motions to dismiss (ECF Nos. 21, 27), joinders to the same, among other motions. This order addresses Defendant FCI Lender Services (SPA)'s joinder ("Joinder")[2] because FCI argues the Court lacks subject matter jurisdiction. (ECF No. 26 at 3-5.) The Court agrees with FCI.

Federal courts are courts of limited jurisdiction. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). "Because subject matter jurisdiction goes to the power of the court to

---

[1]Defendants are Caliber Home Loans, Fay Servicing, RMI Management, LLC, Assessment Management Services, Camco Homeowners Association Management, LEVEL Homeowners Association Management, Association Recovery Services, Terrawest Management Servicers, Fannie Mae, US Bank Trust, N.A., and FCI Lender Services, Inc. (ECF No. 11.)

[2]RMI Management, LLC dba Red Rock Financial Services ("Red Rock") joined in FCI's arguments, as well as the two motions to dismiss. (ECF No. 30.)

hear a case, it is a threshold issue and may be raised at any time and by any party." *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004) (citing Fed. R. Civ. P. 12(b)(1)). The court may also *sua sponte* question whether it has subject matter jurisdiction. *Id.* (citing Fed. R. Civ. P. 12(h)).

The operative complaint—Amended Complaint ("Complaint")—asserts two grounds for subject matter jurisdiction. The Complaint invokes subject matter jurisdiction under 28 U.S.C. § 1331 "because the claims asserted arise under the laws of the United States." (ECF No. 11 at 4.) However, all nine claims allege violations of state common law and Nevada Revised Statutes. (*Id.* at 32-43.) Accepting the Complaint's allegations, the claims asserted do not arise under the laws of the United States to raise federal question jurisdiction.

The Complaint also alleges diversity jurisdiction under 28 U.S.C. § 1332. (*Id.* at 4.) To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties; and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Here, Plaintiffs have failed to establish complete diversity among opposing parties. Plaintiffs allege they are "residents of this judicial district." (ECF No. 11 at 4.) But in the next paragraph they allege that "Defendant homeowners' associations were and are now corporations organized and existing under the laws of the State of Nevada and have their principal places of business and transact business in Clark County, State of Nevada." (*Id.*) Thus, Plaintiffs essentially acknowledge that "Defendant homeowners' associations" are citizens of Nevada.[3] Plaintiffs' own allegations compel a finding that they have failed to establish that the parties are diverse to satisfy section 1332(a)'s

---

[3]Moreover, as FCI's Joinder pointed out, the Complaint alleges two Defendants, Red Rock (ECF No. 11 at 6) and Association Recovery Services ("ARS") (*id.* at 7), as Nevada limited liability companies. (ECF No. 26 at 3.) In its certificate of interested parties, Red Rock states that "it is wholly owned by FSRM (NV), Inc." (ECF No. 31 at 2.) While Red Rock does not specifically identify FSRM (NV), Inc.'s citizenship, the Court assumes based on Red Rock's joinder (ECF No. 30) and the NV initial in its name that FSRM is a Nevada corporation. Because "an LLC is a citizen of every state of which its owners/members are citizens," *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), Red Rock is a citizen of Nevada.

requirement to invoke diversity jurisdiction. Accordingly, the Court agrees with FCI that the Court lacks diversity jurisdiction.

It is therefore ordered that FCI's Joinder seeking dismissal of this action for lack of subject matter jurisdiction (ECF No. 26) is granted.

It is further ordered that this action is dismissed without prejudice for lack of subject matter jurisdiction. Dismissal without prejudice on this basis does not preclude Plaintiffs from pursuing their claims in state court.

It is further ordered that all pending motions are denied as moot.

The Clerk of Court is directed to enter judgment in accordance with this order and close this case.

DATED THIS 30th Day of March 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE